18-2822-cv
Serrano v. City of New York

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand nineteen.

PRESENT:  GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges*.

------------------------------------------------------------------

STEVEN SERRANO,

*Plaintiff-Appellant*,

MICHAEL SERRANO, SAMUEL GARCIA,

*Plaintiffs*,

v.                                                          No. 18-2822-cv

CITY OF NEW YORK, A MUNICIPAL ENTITY,
NEW YORK CITY POLICE DETECTIVE
ANTHONY DISIMONE (SHIELD NO. 000340) IN

HIS INDIVIDUAL CAPACITY, NEW YORK CITY POLICE DETECTIVE THOMAS MCHALE (SHIELD NO. 004937) IN HIS INDIVIDUAL CAPACITY, JOHN AND JANE DOES 1–3, WHOSE IDENTITIES ARE UNKNOWN BUT ARE KNOWN TO BE PERSONNEL OF THE NEW YORK CITY POLICE DEPARTMENT, ALL OF WHOM ARE SUED IN THEIR INDIVIDUAL CAPACITIES, UNDERCOVER COP 0114, UNDERCOVER COP 0244,

*Defendants-Appellees*.

------------------------------------------------------------------

FOR APPELLANT: KEITH SZCZEPANSKI (Luna Droubi, *on the brief*), Beldock Levine & Hoffman LLP, New York, NY.

FOR APPELLEES: ANNA WOLONCIEJ, Assistant Corporation Counsel (Richard Dearing & Scott Shorr, Assistant Corporation Counsel, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Steven Serrano appeals from the judgment of the District Court (Hellerstein, J.) granting summary judgment in favor of the defendants-appellees on the basis of qualified immunity. On appeal, Serrano challenges only the District Court's dismissal of his Fourth Amendment claim under 42 U.S.C. § 1983, his New York State false arrest claim, and his New York State assault and battery claim against the City of New York, the undercover officer defendants, and the Doe defendants.[1] We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a district court's grant of a summary judgment motion de novo. Costello v. City of Burlington, 632 F.3d 41, 45 (2d Cir. 2011). Qualified immunity shields government officials from liability unless "the official violated

---

[1] The District Court concluded that Serrano forfeited his claims against defendants DiSimone and McHale by failing to advance arguments relevant to them in opposition to summary judgment. Serrano does not challenge that ruling on appeal. Nor does he advance any arguments to contest the District Court's grant of summary judgment dismissing his excessive force and malicious prosecution claims. Accordingly, we consider these claims abandoned. See Biediger v. Quinnipiac Univ., 691 F.3d 85, 98 n.6 (2d Cir. 2012); State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 172 (2d Cir. 2004). Serrano also concedes that his federal false arrest claim is foreclosed by Townes v. City of New York, 176 F.3d 138, 145–46 (2d Cir. 1999).

a statutory or constitutional right" that "was clearly established at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (quotation marks omitted). A right is clearly established if "[t]he contours of [a] right [are] sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." Id. at 741 (quotation marks omitted). "The qualified immunity defense, thus, is a broad shield that protects all but the plainly incompetent or those who knowingly violate the law." Kass v. City of New York, 864 F.3d 200, 206 (2d Cir. 2017) (quotation marks omitted). In the context of a warrantless search and arrest, an officer is entitled to qualified immunity if the officer had at least "arguable probable cause," meaning that "it was objectively reasonable for the officer to believe that probable cause existed, or . . . officers of reasonable competence could disagree on whether the probable cause test was met." Id. (quotation marks omitted). "Probable cause exists when the facts and circumstances within . . . the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant [an officer] of reasonable caution in the belief that an offense has been

4

or is being committed by the person to be arrested." Id. (quotation marks omitted).

After finding that "the officers . . . had at least arguable probable cause to believe that [Serrano] was involved in drug activity" and to arrest him on that basis, the District Court determined that the officers were entitled to qualified immunity as to Serrano's claim that they conducted an unreasonable search in violation of § 1983. Serrano v. City of New York, No. 16 Civ. 8105, 2018 WL 3392869, at *6 (S.D.N.Y. July 12, 2018); see id. at *8. We agree that, on the undisputed facts of this case, "officers of reasonable competence could disagree on whether the probable cause test was met," and that the officers here therefore had arguable probable cause to arrest and search Serrano. Kass, 864 F.3d at 206 (quotation marks omitted).

In arriving at this conclusion, we note that Serrano acknowledged identifying two individuals—UC244 and UC212—as undercover officers during and in the vicinity of the drug deal at issue in this case. See App'x 88–89, 156–57. Specifically, during discovery Serrano confirmed that he noticed UC244 and UC212 and, based on their appearance and behavior, deduced that they were

5

undercover police officers. App'x 89, 91, 164, 184–85. Serrano admitted that he then told his friend, Samuel Garcia, "in a conversational voice" once or twice in quick succession, "Look, those are two cops there," in reference to UC244 and UC212. App'x 156–57; see also App'x 91, 183, 185. Serrano thus confirmed that he made the statement that one of the officers claimed to have overheard and that prompted Serrano's arrest. See App'x 67, 72, 238.

We realize that there were some discrepancies in the government's account of Serrano's statement. Among other things, the original criminal complaint charging Serrano alleged that Serrano's brother, Michael Serrano, and Garcia, not Serrano, first identified UC244 by saying, "THAT GUY IS A COP," and that Michael Serrano then repeated the statement. App'x 67. Likewise, UC244's incident report of the arrest stated that Michael Serrano and Garcia made the statement "that guy is a cop" while pointing at UC244, after which, according to the report, Serrano "signal[ed] JD Red, Don't do anything 'He's a cop.'" App'x 72. In a deposition, by contrast, UC244 testified that Serrano and Michael Serrano both made the comment to Garcia. App'x 238. Finally, we note that while all three government accounts of the arrest placed Serrano, Michael

6

Serrano, and Garcia together when the relevant statement was made, App'x 67, 72, 238, during the summary judgment proceedings the defendants agreed that Michael Serrano was not present after all. Serrano, 2018 WL 3392869, at *2; see also App'x 58.

Given Serrano's admission that he made the central statement at issue, the above inconsistencies do not, on this record, create a genuine dispute of material fact that could undermine a finding of arguable probable cause. For these reasons, the defendants-appellees were entitled to qualified immunity on Serrano's § 1983 Fourth Amendment claim.

For substantially the same reasons stated by the District Court in its 2018 decision, we also conclude that the defendants-appellees were entitled to qualified immunity with respect to Serrano's state false arrest and state assault and battery claims, which are predicated largely on the unlawfulness of Serrano's arrest.

We have considered Serrano's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8